**BIHUA CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,[1] Respondent.**

**No. 04–2927–ag.**

United States Court of Appeals, Second Circuit.

Feb. 8, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

H. Raymond Fasano, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Jordan A Konig, Assistant United States Attorney, Dallas, Texas, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Bihua Chen, a citizen of the People's Republic of China, seeks review of a May 4, 2004 order of the BIA affirming the April 29, 2003 decision of Immigration Judge ("IJ") Alan Vomacka denying his application for relief under the Convention Against Torture ("CAT"). *In re Bihua Chen*, No. A77 927 849 (B.I.A. May 4, 2004), *aff'g* No. A77 927 849 (Immig. Ct. N.Y. City Apr. 29, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review an IJ's denial of a continuance, "under a highly deferential standard of abuse of discretion." *Sanusi v. Gonzales*, 445 F.3d 193, 200 (2d Cir.2006). Here, the IJ did not abuse his discretion in denying Chen's requested continuance where Chen was, after a lengthy delay in her hearing, afforded 30 additional days to submit her documents.[2] In addition, the BIA did not

2. We note that Chen's attorney conceded at her hearing that it normally takes only one

abuse its discretion by not reviewing the evidence Chen submitted for the first time on appeal. With limited exceptions not present here, the BIA is expressly prohibited from engaging in such independent fact-finding. 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Here, the IJ reasonably relied on the articles from the Canadian Immigration and Refugee Board government in finding that although serious criminals may be mistreated in prison, the torture of illegal emigrants in China was unlikely. The reports indicated that detained persons who had illegally emigrated from China were not held for long periods of time or mistreated in detention. In addition, one report indicated that only "those illegal emigrants 'who bring disgrace to the nation'" are sentenced to prison terms. The other report indicated that although a professor of Chinese studies at the University of Oxford indicated that "harassment by snakeheads is not infrequent," the coordinator for the Asian Organized Crime Unit at the Canadian Criminal Intelligence Service indicated that he was unaware "of reports of loan sharks pursuing returnees or their families, and also reported that less than 10 per cent of illegal emigrants used loan sharks to finance their transactions with the snakeheads." We find that this information constitutes substantial evidence which supports the IJ's finding that Chen failed to meet her burden of proof in establishing a probability of torture in China, either by the government or by loan sharks. As we have noted, being "part of the large class of persons who have illegally departed China .... [is not] sufficient to secure relief under the CAT". *Mu Xiang Lin v. United States Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005). Instead, the law requires "more particularized evidence." *Id.*

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

---

week to obtain the kinds of documents for which the continuance was sought.