Singh v. Holder

BIA
Vomacka, IJ
A087 899 527

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

MANDEET SINGH, AKA SATISH MALHOTRA,
> *Petitioner,*

v.                                                  13-1783
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Ernesto H. Molina, Jr.,
                       Assistant Director; Sheri R. Glaser,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mandeet Singh, a native and citizen of India, seeks review of an April 8, 2013 order of the BIA, affirming the August 17, 2012 decision of an Immigration Judge ("IJ"), which denied a continuance, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mandeet Singh*, No. A087 899 527 (B.I.A. Apr. 8, 2013), *aff'g* No. A087 899 527 (Immig. Ct. New York City Aug. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

I.  Credibility Determination

For applications such as Singh's, which are governed by the REAL ID Act, the agency may base a credibility finding

2

on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, Singh has waived review of the agency's implausibility, demeanor, and corroboration findings by failing to contest them in this Court. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005) ("'Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.'" (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)). For the same reason, Singh has waived review of the agency's finding that he testified inconsistently about whether Akali Dal Mann was legally recognized and took part in coalitions. *Id.* Moreover, Singh failed to exhaust any challenge to the specific "findings that informed the IJ's adverse credibility determination" before the BIA. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008); *Lin Zhong v. U.S.*

3

*Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (observing that issue exhaustion is a mandatory, although not jurisdictional, requirement).

Thus, the sole challenge preserved on appeal is to the agency's reliance on Singh's credible fear interview. When discrepancies arise from an applicant's statements in a credible fear interview, we will closely examine the interview report to ensure that it represents a "sufficiently accurate record" to merit consideration in determining whether the applicant is credible. *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009). Singh's credible fear interview bore sufficient indicia of reliability because: (1) it was memorialized in a typewritten document setting forth the questions and responses; (2) it was conducted with a Punjabi interpreter and Singh does not contend that he did not understand any questions; (3) the interviewing officer properly explained the purpose of the interview; and (4) the questions were clearly designed to elicit a potential basis for asylum, such as why did you leave your country, why do you fear the Congress party, and what do you think will happen if you return to your country. *See Ming Zhang*, 585 F.3d at 723-25.

4

Based on the foregoing, we find that the agency's adverse credibility determination is supported by substantial evidence because it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

II. <u>Continuance Denial</u>

We review the agency's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006); *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008). The regulations provide that an IJ "may grant a motion for continuance for good cause shown;" however, the regulations do not define "good cause." *See* 8 C.F.R. § 1003.29. We have observed that "[a]n IJ would . . . abuse his discretion in denying a continuance if '(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error

5

or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (alterations in *Morgan*)).

Here, the IJ denied Singh's motion to continue his merits hearing, which Singh sought in order to obtain supporting letters and statements from India, because it was filed after the deadline and Singh had over a year between his master calendar and merits hearings to obtain supporting evidence. Indeed, Singh filed his motion on July 17, 2012, after the June 8, 2012 filing deadline, and Singh had more than a year and eight months between his November 2010 master calender and August 2012 merits hearings to obtain evidence. The IJ did not abuse his discretion in denying the motion to continue. *See Morgan*, 445 F.3d at 551-52.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second

6

Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk