13-1626 (L)
Molina v. Holder

BIA
Schoppert, IJ
A073 539 431

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fourteen.

PRESENT:   AMALYA L. KEARSE,
                       CHESTER J. STRAUB,
                       REENA RAGGI,
                                   *Circuit Judges*.
------------------------------------------------------------------------
MIGUEL ANGEL MOLINA,
                       *Petitioner*,

             v.                                                        Nos.   13-1626-ag (L),
                                                                                   14-816-ag (Con)

ERIC H. HOLDER, JR., United States Attorney General,
                       *Respondent*.
------------------------------------------------------------------------

FOR PETITIONER:              George W. Echevarria, Ossining, New York.

FOR RESPONDENT:           Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation; Stuart F. Delery, Assistant Attorney General, Civil Division; Carl McIntyre, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Miguel Angel Molina, a native and citizen of El Salvador, seeks review of: (1) a March 29, 2013 decision of the Board of Immigration Appeals ("BIA") affirming the October 31, 2011 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying Molina a continuance, pretermitting as untimely an application for cancellation of removal, and ordering removal, see In re Miguel Angel Molina, No. A073 539 431 (B.I.A. Mar. 29, 2013), aff'g No. A073 539 431 (Immig. Ct. N.Y.C. Oct. 31, 2011); and (2) a February 20, 2014 decision of the BIA denying Molina's motion to reopen, see In re Miguel Angel Molina, No. A073 539 431 (B.I.A. Feb. 20, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the instant petitions.

1.    Denial of Continuance

We review the agency's denial of a continuance for abuse of discretion, which we will identify only if the denial rests on an error of law or clearly erroneous factual finding, or cannot be located within the range of permissible decisions. See Singh v. U.S. Dep't of Homeland Sec., 526 F.3d 72, 81 (2d Cir. 2008). We review questions of law de novo. See Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir. 2009).

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29; see id. § 1240.6. Where good cause is based upon an asserted lack of preparation, the alien must make a reasonable showing of "a diligent good faith effort to be ready to

2

proceed" and must establish "actual prejudice and harm" from the denial of a continuance that had a material impact on the outcome of his case. In re Sibrun, 18 I. & N. Dec. 354, 356–57 (B.I.A. 1983); accord In re Hashmi, 24 I. & N. Dec. 785, 787–88 (B.I.A. 2009).

To the extent an alien argues that the agency's actions violated due process, the alien must show (1) that he was denied "a full and fair opportunity to present [his] claims" or otherwise deprived of "fundamental fairness," Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted); and (2) ensuing "cognizable prejudice," Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted); see Morgan v. Gonzales, 445 F.3d 549, 551–52 (2d Cir. 2006) (concluding that denial of continuance did not violate due process).

Here, the agency neither abused its discretion nor violated due process in denying Molina a continuance. Molina was initially given two months to file his application for cancellation of removal. That deadline was extended by three months, with an additional five months afforded to prepare and submit written argument on the application. Only after these ten months elapsed—during which time Molina neither submitted an application for cancellation of removal nor timely requested an extension of time to do so—did the IJ pretermit the application. Molina's counsel explains the failure to file by reference to his preoccupation with other matters and his confusion regarding the deadline—excuses that fail to demonstrate diligence. Further, Molina fails to demonstrate prejudice from denial of the continuance, because he offers no support for his conclusory assertion that he was otherwise eligible for cancellation of removal. Molina's conclusory assertions of IJ bias are likewise

3

unavailing.  See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding that adverse rulings alone do not support claim of judicial bias).  In these circumstances, the agency's denial manifests neither an abuse of discretion nor a denial of due process.

2.      Motion To Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion.  See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005).  It is uncontested that Molina's December 5, 2013 motion to reopen—filed more than eight months after the BIA's March 29, 2013 final order of removal—was untimely.  See 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that motion to reopen must be filed within 90 days of agency's final order of removal); 8 C.F.R. § 1003.2(c)(2) (same).  The agency did not err in holding that Molina's purported eligibility to adjust status did not exempt him from this filing deadline.  See In re Yauri, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) (observing that "untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board").  To the extent Molina challenges the BIA's decision not to exercise its sua sponte authority to reopen his case, we lack jurisdiction to review that decision.  See Luna v. Holder, 637 F.3d 85, 95–96 (2d Cir. 2011).

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, Molina's pending motion for a stay of removal in these petitions is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4