Gomez-Ramos v. Sessions

BIA
Montante, IJ
A200 562 109

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

CARLOS EUSTAQUIO GOMEZ-RAMOS,
> *Petitioner,*

v.                                          15-1908
                                            NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR PETITIONER:**          Jose Perez, Syracuse, N.Y.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Eustaquio Gomez-Ramos, a native and citizen of Guatemala, seeks review of the BIA's May 13, 2015 decision affirming the Immigration Judge's ("IJ") September 13, 2013 denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Eustaquio Gomez-Ramos*, No. A200 562 109 (B.I.A. May 13, 2015), *aff'g* No. A200 562 109 (Immig. Ct. Buffalo Sept. 13, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

2

Cir. 2009); *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Gomez-Ramos does not raise any challenges to the agency's pretermission of asylum, nor does he adequately challenge the agency's denial of CAT relief. Accordingly, we decline to reach those determinations. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). We also decline to consider his unexhausted due process argument. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123-25 (2d Cir. 2007). We address below Gomez-Ramos's challenge to the agency's determination that he failed to establish that the persecution he suffered had a nexus to a protected ground and its denial of a continuance.

**I.    Nexus/Particular Social Group**

The agency reasonably concluded that Gomez-Ramos failed to establish a nexus to a protected ground. In order to establish eligibility for asylum and withholding of removal based on membership in a particular social group, an applicant must establish that members of the group "share some common characteristic that members 'either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences,'" *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007) (per curiam) (quoting *In re A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 74 (B.I.A. 2007)), and that the applicant has suffered past persecution or has

3

demonstrated a well-founded fear of future persecution on account of his membership in that group, *see Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).  A particular social group is cognizable if, among other things, it refers to "a discrete class of persons" and "the relevant society perceives, considers, or recognizes the group as a distinct social group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210, 217 (B.I.A. 2014) (citations omitted); *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (deferring to BIA's construction of "particular social group").  "[I]n determining particularity and social distinction[,] what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception." *Paloka*, 762 F.3d at 196 (citing *In re M-E-V-G-*, 26 I. & N. Dec. 227, 242 (B.I.A. 2014)).

Gomez-Ramos argues that he identified a cognizable social group—"young Guatemalan[] migrant workers that live in the United States and have family in Guatemala, who they regularly support financially"—and asserts generally that this group satisfies the criteria set forth in *M-E-V-G-* and *W-G-R-*.  The BIA applied the correct criteria and concluded that Gomez-Ramos did not demonstrate that his proposed social group possessed the requisite social distinction.  The record supports that conclusion.  Gomez-Ramos testified that the gang members who

4

kidnapped his sister, and who continue to threaten his family, perceive him as wealthy because he lives in the United States and built a house in Guatemala; however, he offered no testimony or evidence that "society as a whole" views his purported group as socially distinct. *See Paloka*, 762 F.3d at 196. Moreover, we have previously held that "wealth or affluence is simply too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group." *Ucelo-Gomez*, 509 F.3d at 73-74 (quoting *In re A-M-E-*, 24 I. & N. at 76). Accordingly, the agency did not err in denying asylum and withholding of removal for lack of nexus between the harm feared and a protected ground.

**II.  Continuance Denial**

We review the IJ's denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan*, 445 F.3d at 551 (citation omitted). Here, there was no abuse of discretion. An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, which may be shown by "a diligent good faith effort to be ready to proceed and that any additional evidence [the movant] seeks to present is probative, noncumulative, and significantly favorable to [him]," *In re Sibrun*, 18 I. & N. Dec. 354, 356 (B.I.A. 1983). An IJ's decision denying a motion for continuance will not be reversed by the

BIA unless the movant "establishes that [the] denial caused him actual prejudice and harm and materially affected the outcome" of the case. *Id.* at 356-57.

Here, the IJ did not abuse his discretion in concluding that Gomez-Ramos failed to meet this standard. *See Morgan*, 445 F.3d at 551-52. On December 19, 2012, the IJ granted Gomez-Ramos seven months, until July 8, 2013, to submit documents in support of his application. Gomez-Ramos contends that he made a good faith effort to ensure that these documents would be translated by July 8, 2013, but that the two translation companies he retained did not prepare the translations by this date. The alleged delay caused by these translation companies is insufficient to show diligence because it does not explain why, after receiving two continuances totaling eighteen months to file his application, and an additional seven months to submit evidence, he still failed to secure the translations. *See In re Sibrun*, 18 I. & N. at 357. Nor can he show prejudice given that the untranslated documents do not relate to establishing a cognizable social group.

For the foregoing reasons, the petition for review is DENIED. Petitioner's request for oral argument in this

petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk