18-436
*Zhang v. Barr*

BIA
Hom, IJ
A097 976 617

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
        ROBERT A. KATZMANN,
           *Chief Judge*,
        JOSÉ A. CABRANES,
        SUSAN L. CARNEY,
           *Circuit Judges.*

_____

DE REN ZHANG, AKA REN DE ZHENG,

      *Petitioner*,

      v.                                18-436

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

      *Respondent*.

_____

FOR PETITIONER:           MARIO RENE URIZAR, Prada Urizar PLLC, Miami, FL.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; JESSICA D. STROKUS, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **it is hereby ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner De Ren Zhang, a native and citizen of the People's Republic of China, seeks review of a January 17, 2018, decision of the BIA, affirming the March 28, 2017, decision of an Immigration Judge ("IJ") denying Zhang's application for adjustment of status and ordering him removed. *In re De Ren Zhang*, No. A097 976 617 (B.I.A. Jan. 17, 2018), *aff'g* No. A097 976 617 (Immig. Ct. N.Y. City Mar. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA adopts the decisions of the IJ but also supplements the IJ's decisions, we review the decision of the IJ as modified and supplemented by the BIA. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In this case, the IJ sharply accelerated Zhang's hearing schedule and denied his request for a continuance; the BIA concluded that the accelerated schedule did not deny Zhang due process and that the IJ's decision to deny the continuance was not an abuse of discretion. Because we conclude that the agency erred on both issues, we grant Zhang's petition and remand the case for further proceedings.

## I. Due Process

We review constitutional claims *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). "To establish a violation of due process, an alien must show 'that [he] was denied a full and

2

fair opportunity to present [his] claims' or 'that the IJ or BIA otherwise deprived [him] of fundamental fairness.'" *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006), *reh'g granted, vacated on other grounds by Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir. 2006)). Furthermore, in order to demonstrate denial of due process, parties must also "allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)). In sum, to prevail on his Due Process claim, Zhang must demonstrate (1) that he was denied "a full and fair opportunity to present [his] claim[]," *Burger*, 498 F.3d at 134, and (2) that this denial resulted in some "cognizable prejudice," *Garcia-Villeda*, 531 F.3d at 149.

In the usual course of things, for removal proceedings held in immigration court, an IJ first holds one or more "master calendar hearings" to advise noncitizens in removal proceedings of their rights to representation, to respond to charges of removability, and to present and examine evidence; and for the IJ to set deadlines for filing applications and submitting evidence and schedule hearings to decide contested matters and applications for relief. *See* U.S. Dep't of Justice, Office of the Chief Immigration Judge, Immigration Court Practice Manual, § 4.15 (2018). Individual hearings, which follow a master calendar hearing, are "[e]videntiary hearings on contested matters." *Id.* § 4.16. Although it is possible to resolve some uncontested cases through only a master calendar hearing, cases that do require evidentiary hearings typically also require one or more master calendar hearings in preparation for that individual hearing. *See* Deborah E. Anker, Law of Asylum in the United States, App. A § A3:21 (2018) ("The purpose of a master calendar [hearing] is to dispose of cases that require little time and ready other cases for individual

3

hearings. More than one master hearing may be required to ready a case for an individual hearing.").

In this case, after Congressman Pallone reached out to the IJ asking on Zhang's behalf (and at Zhang's request) for "an earlier court date," CAR at 294, the IJ not only moved up Zhang's previously scheduled master calendar hearing from May 10, 2017, to March 28, 2017—a mere twenty-one days after notice of the hearing was sent out, and only thirteen days after that notice was apparently received—but also *sua sponte* converted it to an individual hearing.

We find the IJ's reasoning that because Zhang asked for accelerated proceedings the IJ acted properly to be unconvincing: Zhang did not ask to skip *all* preliminary procedural safeguards in his removal proceedings or for a schedule so accelerated as to make it virtually impossible to comply with the requirements for applying to adjust status. The mere request for an earlier hearing date does not justify or explain the IJ's decision to skip directly to an individual hearing, foregoing the preliminary master calendar hearing. Eliminating the master calendar hearing was a clear deviation from standard procedure, depriving Zhang a full and fair opportunity to present his application for adjustment. *See Burger*, 498 F.3d at 134.

Further, the BIA erred in concluding that Zhang failed to demonstrate prejudice. Contrary to the BIA's findings, Zhang ultimately submitted most—if not all—of the evidence that the IJ had identified as missing—evidence of the disposition of a criminal charge against him, evidence that he had filed taxes, and medical form I-693—to the BIA on appeal. In addition to the criminal record he submitted to the IJ, he submitted before the BIA a letter from the criminal court stating that there was no certificate of disposition for his case and that the record provided was the complete record. He also submitted a letter from his criminal defense attorney stating that the charges against Zhang had been dismissed after a trial at which his phone records proved that he

4

had not made the harassing calls of which he was accused. The letter further explained that the court no longer had a record of the proceedings as his record had been expunged. Zhang also submitted evidence issued by the IRS showing that he had filed his taxes. As to the required medical form, Zhang avers that he submitted it to the Department of Homeland Security and filed with the BIA a copy of the sealed envelope that contained the completed form, which was identified as the I-693 and stamped "DO NOT OPEN FOR USCIS USE ONLY," as is required by the agency. *See* USCIS website, "I-693, Report of Medical Examination and Vaccination Record," Where to File, https://www.uscis.gov/i-693 (last visited April 4, 2019) ("Do not accept [the form] if it is not in a sealed envelope. USCIS will return the form to you if it is not in a sealed envelope or if the envelope has been opened or altered."). The BIA failed to acknowledge this evidence. Thus, the BIA erred in finding that Zhang had not demonstrated that he was prejudiced by the IJ's decision to dramatically accelerate his proceedings and skip directly to an evidentiary hearing without first holding a master calendar hearing.

## II.     Denial of Motion to Continue

We review denial of motions to continue for abuse of discretion. *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008). An IJ's decision to deny a continuance is an abuse of discretion "if '(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006) (alteration in original) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). The BIA has further elaborated that an IJ's decision to deny a continuance should be reversed for abuse of discretion only when "the alien establishes that the denial caused him actual prejudice and harm

and materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356–57 (B.I.A. 1983).

This court has found that an IJ's decision to deny a continuance was not an abuse of discretion in instances where the petitioner had already received multiple continuances, or had a significant amount of time in which to gather and submit evidence or file applications. *See, e.g.*, *Sanusi v. Gonzales*, 445 F.3d 193. 200 (2d Cir. 2006) (per curiam); *Gomez-Ramos v. Sessions*, 682 F. App'x 68, 70 (2d Cir. 2017); *Molina v. Holder*, 586 F. App'x 80, 81–82 (2d Cir. 2014); *Singh v. Holder*, 583 F. App'x 4, 7 (2d Cir. 2014); *Bihua Chen v. Gonzales*, 226 F. App'x 21, 22 (2d Cir. 2007). In contrast, here, Zhang attempted to comply with the accelerated schedule but was unable to do so and thus requested one additional week to gather evidence. As justification for refusing Zhang's continuance request, the IJ mistakenly stated that Zhang's proceedings had been pending since 2004 (they were closed in 2004 when Zhang was ordered removed in absentia due to what the BIA later determined to be the ineffective assistance of former counsel, and were not reopened until late 2016). Given the unusual circumstances of Zhang's expedited hearing, his good-faith attempt to comply with requirements and supply the requested documentation, the very short amount of time that Zhang was given to prepare for his hearing, the fact that this would be Zhang's first continuance, and lastly the fact that this request appears to have been unopposed by the government, we find that the IJ abused his discretion in denying Zhang's request for a brief continuance.

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's order is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6